UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darrell W. Bruce,                                                                 Case No. 3:14-cv-00834

        Plaintiff

   v.
                                                    MEMORANDUM OPINION
                                                    & ORDER

Edward Sheldon, et al.,

        Defendants

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Darrell Bruce filed suit against six employees of the Ohio Department of Rehabilitation and Correction, alleging violations of his Eighth Amendment protections against cruel and unusual punishment and his Fourteenth Amendment due process rights. (Doc. No. 1). Two of the Defendants (Factor and Jackson) were not served with copies of the complaint. (Doc. No. 7). The served Defendants (Sheldon, Fullenkamp, Hampton, and Penski) filed a motion for summary judgment, (Doc. No. 11), while some of the served Defendants also filed a motion to dismiss, (Doc. No. 8). Bruce filed a motion to amend and supplement his complaint, (Doc. No. 3), and two motions for preliminary injunctions, (Doc. No. 4 and Doc. No. 17). For the reasons stated below, the Defendants' motion for summary judgment is granted and the remaining motions are denied.

Bruce alleges that, on August 15, 2012, at the Toledo Correctional Institution ("ToCI") in Toledo, Ohio, Corrections Officer Hampton twice attempted to close a steel unit door on Bruce

while Bruce was crossing through the doorway. While these attempts were unsuccessful, Bruce alleges Hampton closed the unit door on him on August 23, 2012, trapping Bruce and injuring him. Bruce was taken to the medical unit for examination. Bruce also submitted five informal complaint resolution forms about the incident between August 23 and August 31. (Doc. No.11-1 at 6-10).

Bruce filed suit under 28 U.S.C. § 1983 on April 18, 2014, and also filed a motion to proceed in forma pauperis. (Doc. No. 2). While internal court review of that motion was proceeding, Bruce filed a motion to amend his complaint to add ten John Does and ten Jane Does as defendants, and to supplement his complaint. (Doc. No. 3). Bruce also filed a motion for a preliminary injunction, seeking to have Hampton reassigned to another position without inmate contact and prohibiting Defendants from harassing or retaliating against Bruce and the inmates he expects to call as witnesses. (Doc. No. 4).

Pursuant to Rule 4, the summons and complaint were issued to the United States Marshal for service. Fed. R. Civ. P. 4(c)(3). Service was effected by certified mail on Defendants Fullenkamp, Hampton, Penski, and Sheldon on November 7, 2014. (Doc. No. 6). Service by certified mail on Defendants Factor and Jackson was refused for the reason that those Defendants no longer work at ToCI. (Doc. No. 7). The docket does not reflect that the Marshals Service made any further attempts at serving copies of the complaint on Factor and Jackson. *See Williams v. Werlinger*, --- F.3d ----, 2015 WL 4639218 (7th Cir. Aug. 5, 2015) (criticizing the Marshals Service's lax efforts to locate former-warden defendant and reversing district court's dismissal without prejudice of plaintiff's suit for failure to effect service).

On November 21, 2014, Defendants Fullenkamp, Penski, and Sheldon filed a motion to dismiss Bruce's claims pursuant to Rule 12(b)(6). (Doc. No. 8). Bruce filed a brief in opposition. (Doc. No. 14). On December 3, 2014, all four served Defendants filed a motion for summary judgment, arguing Bruce failed to exhaust his administrative remedies. (Doc. No. 11). Bruce filed a

2

brief in opposition to this motion as well. (Doc. No. 18). The Served Defendants filed a brief in reply. (Doc. No. 20). Bruce filed a sur-reply. (Doc. No. 21).

Finally, Bruce filed a second motion for a preliminary injunction on April 10, 2015. (Doc. No. 17). Bruce seeks to prevent the ODRC from transferring him and three other inmates from ToCI. One of the other inmates has been assisting Bruce in pursuing this case and also has received anonymous threatening letters arising from the case that led to the inmate's incarceration. Bruce does not offer any reasons for his request regarding the final two inmates.

## II. STANDARD

The Prison Litigation Reform Act prohibits an inmate from bringing an action "with respect to prison conditions under [42 U.S.C. § 1983] . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate "must 'make full use of the prison grievance process' and 'compl[y] with the system's critical procedural rules.'" *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006)). Exceptions to this "strict rule" are rare, but "a prisoner's lack of complete compliance [may be excused] when the improper actions of prison officials render the administrative remedies functionally unavailable." *Himmelreich*, 766 F.3d at 577.

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### III.    ANALYSIS

The ODRC grievance system has three components: (1) an informal complaint "to the direct supervisor of the staff member, or department[,] most directly responsible for the particular subject matter of the complaint"; (2) a notification of grievance filed with the office of the inspector of institutional services; and (3) an appeal of the disposition of the grievance filed with the Chief Inspector's Office. Ohio Admin. Code § 5120-9-31(K). A grievance against a warden or inspector of institutional services "must be filed directly" with the Chief Inspector's Office. Ohio Admin. Code § 5120-9-31(M).

"A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012). The Served Defendants presented evidence Bruce did not file a grievance concerning Corrections Officer Hampton's purported actions. (Doc. No. 11-1 at 4-5). The grievance form Bruce filed with his complaint does not contain any markings that would show the institutional inspector's office received it. (*Cf.* Doc. No. 1 at 29 *with* Doc. No. 1 at 27). While Bruce argues it is illogical to believe he did not file his grievance after filing numerous informal complaints about the incident, this is not the same as evidence that Bruce in fact did file a grievance, or was prevented from filing one. (*See* Doc. No. 21 at 3). Moreover, Bruce's contention that ToCI's inspector withholds grievance forms from inmates based on the content of the inmate's complaint is severely undermined by the documents he attached to his opposition to the Defendants' motion to dismiss – a grievance filed by another inmate who complained about the institutional inspector's failure to respond to inmate grievances, as well as responses from the Chief Inspector's Office acknowledging receipt of direct grievances against the institutional inspector. (Doc. No. 14-1; Doc. No. 14-4). Bruce fails to show a genuine issue of material fact as to whether he exhausted his administrative remedies before filing suit. *Napier v. Laurel Cnty.*, 636 F.3d 218, 225-26 (6th Cir. 2011).

Finally, Bruce's motions for a preliminary injunction are denied because he "has no constitutional right to remain in a particular institution, and prison officials are afforded broad discretion in transferring inmates." *Henry v. City of Eastpointe Police Dep't*, 2012 WL 3151566, at *2 (E.D. Mich. July 13, 2012) (citing *Meachum v. Fano*, 27 U.S. 215, 224 (1976)); *see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

## IV. CONCLUSION

For the reasons stated above, the Defendants' motion for summary judgment (Doc. No. 11), is granted. Bruce's motions for a preliminary injunction, (Doc. No. 4 and Doc. No. 17), are denied. Bruce's motion to amend his complaint, (Doc. No. 3), and the Defendants' motion to dismiss, (Doc. No. 8), are denied as moot. Bruce's complaint is dismissed for failure to exhaust his available administrative remedies.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge